## STEINMETZ *v.* THOMAS.

PATENTS; INTERFERENCE; CONCEPTION AND DISCLOSURE.

The evidence in an interference proceeding, relied on by the junior party to show conception and disclosure prior to the filing date of the senior party, *held* insufficient, where one of his witnesses as to disclosure, who frequently consulted him in reference to obscure points of his work, fixed the date of disclosure by the fact that he and the junior party were preparing for a dinner, but his testimony tended to establish that preparations for such a celebration were made, rather than that the alleged disclosures were made at that time; and the testimony as to when an exhibit of the junior party was actually made which disclosed the invention, and was delivered by him to a third party subsequent to the senior party's filing date, was obscure and uncertain; and when the testimony of the junior party himself, who first fixed the date of his conception a few weeks prior to the filing of a certain document, and later fixed the time at about one week prior thereto, showed that he had no recollection of the time he conceived the invention, but could only estimate it.

No. 470. Patent Appeals. Submitted May 12, 1908. Decided June 9, 1908.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding. *Affirmed.*

The facts are stated in the opinion.

*Mr. Albert G. Davis* and *Mr. Alexander D. Lunt* for the appellant.

*Mr. Charles A. Terry* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is an appeal from a decision of the Commissioner of Patents awarding judgment of priority to appellee, Percy H.

Thomas, in an interference proceeding. The decision of the Commissioner affirmed the decision of the Board of Examiners-in-Chief, reversing that of the Examiner of Interferences.

The invention in controversy is a system of electrical distribution, whereby a direct current consumption circuit may be supplied from an alternating source. The count composing the issue is as follows:

"The combination with a source of alternating electric currents, of a three-wire direct current consumption circuit, having its neutral wire connected to an intermediate point in the source, and having its main conductors connected to the outer terminals of the source, current rectifiers interposed in the last-named connections, the current rectifiers being so adjusted as to permit the flow of current from the terminals to the mains in one direction and to oppose to the flow of current in the opposite direction a prohibitive resistance."

Appellee is the senior party, having filed his original application on January 21, 1903, a division of which, the application here in interference, being filed on May 6, 1903. Appellant filed his application on April 30, 1904, which is a division of an application filed March 23, 1903.

Appellant, Charles P. Steinmetz, has attempted to establish a disclosure of the invention to one Dempster on December 24, 1902. Dempster testified that while seeking information from appellant in regard to some problems which had arisen in connection with his work on rectifiers, appellant had explained to him the invention in issue, making many sketches, which, however, were not preserved. There has been introduced in evidence a sketch made by the witness containing the elements of the issue (Steinmetz Exhibit Dempster Sketch) which witness stated was, to the best of his recollection, a facsimile of the sketch made by appellant in explaining the invention to him. He also stated that he requested appellant to make sketches and explanations of the invention, and that "sometime in January, 1903," he received blue prints of the general subject-matter of the discussion on December 24, 1902. It seems to have been the custom of witness to consult appellant, as occasion required,

in reference to obscure points in his work. The witness seeks to fix the date of this particular disclosure by the fact that he and appellant were preparing for a dinner in appellant's laboratory on the following day. The evidence on this point, however, tends to establish that preparations for such a celebration were made, rather than that the alleged disclosure was made at that time. In regard to this the Examiners-in-Chief say: "Dempster's conversations with Steinmetz seem to have been frequent, and the disclosures by Steinmetz to him at various times seem to have included many different improvements or suggestions relating to his line of work. Dempster does say that Steinmetz disclosed the present invention to him on the evening of December 24, 1902, in his laboratory, at the time of a Christmas celebration, but in this he is not even corroborated by Steinmetz himself; and in view of the numerous suggestions made by Steinmetz to him at various times, it seems more than probable that he was mistaken as to the disclosure of the present invention at that time. There is no doubt that the celebration took place as stated, but it by no means follows that the disclosure took place at that celebration." All of the tribunals of the Patent Office held that this evidence was insufficient to establish disclosure of the invention on that date, and with this we must agree.

Appellant has offered in evidence an exhibit, "Steinmetz Document," which fully discloses the invention in controversy. It appears that this exhibit was left by appellant with one Davis on January 26, 1903, five days after the filing of appellee's application. Appellant seeks to show, by the testimony of the witness Davis, that he (Davis) had knowledge of the invention disclosed in the document prior to January 26, 1903, and that such document was only prepared by appellant after repeated requests covering several weeks. The witness simply states, however, that he called appellant's attention to the activity which then existed in the art relating to rectifiers, and urged upon him his duty of writing up certain inventions; but this evidence totally fails to establish that the witness had any knowledge of the specific invention here under discussion. The

testimony of appellant himself shows that he has no recollection of the time he conceived the invention, and can only estimate the date by the filing of the "Steinmetz Document." In answer to one question he places his conception at a few weeks prior to the filing of the document, but later he admits that, before testifying, he fixed the time in an affidavit at about one week. It must be held that this evidence is too uncertain to overcome the presumption attaching to the prior filing date of appellee.

Appellant having failed to establish conception of the invention prior to January 21, 1903, the date on which appellee filed his application, it is unnecessary to consider the testimony offered on behalf of appellee.

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required.                                              *Affirmed.*